IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ARTURO FLORES,                                    Case No. 3:11-cv-355-MA

           Petitioner,                          OPINION AND ORDER

    v.

J.E. THOMAS, Warden, FCI
Sheridan, ROBERT McFADDEN,
KEVIN STRAIGHT,

           Respondents.

ANTHONY D. BORNSTEIN
Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

S. AMANDA MARSHALL
United States Attorney
District of Oregon
KEVIN C. DANIELSON
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondents

1 - OPINION AND ORDER

MARSH, Judge

Petitioner Arturo Flores, an inmate at the Federal Correctional Institution in Sheridan, Oregon, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that he received an inadequate and unnecessarily delayed hearing and was denied due process when the Bureau of Prisons (BOP) transferred him to a more secure facility after finding petitioner had escaped from a residential reentry center (RRC). For the reasons set forth below, the petition is DENIED.

## BACKGROUND

Petitioner is serving a 63 month sentence for unlawful possession of a firearm in violation of 18 U. S. C. § 922(g)(1), to be followed by three years of post-prison supervision. Prior to the events at issue in this case, petitioner's projected release date was May 21, 2011, via good conduct time (GCT) credits and the Bureau of Prisons drug and alcohol program (RDAP) credit. Petitioner's current projected release date is February 16, 2012.

Petitioner completed the residential component of RDAP and was transferred from FCI Sheridan to the Port of Hope Drug and Alcohol Treatment Center, an RRC in Nampa, Idaho. On January 9, 2011, at some point between 11 and 11:15 p.m., RRC staff conducted a head count and discovered that petitioner was not in bed as expected, and that his bed was stuffed with clothes to appear as if he was in bed. RRC staff then conducted a more thorough search of the

2 - OPINION AND ORDER

facility and grounds to find petitioner, to no avail. At approximately 11:30 p.m., petitioner arrived at the front desk of the RRC to let staff know he was on the premises. Petitioner indicated that he had been outside to meet with his ex-wife. At approximately 2:04 a.m. on January 10, petitioner provided a urinalysis sample at the direction of RRC staff, and then he went to sleep at the RRC.

Petitioner asserts that about 12 p.m. on January 10, the director of Port of Hope RRC provided him with an Incident Report for a Code 200 violation for Escape. Petitioner submits that he was then arrested by the United States Marshals and taken to Canyon County Jail.

On January 18, 2011, petitioner received another Incident Report for a Code 112 violation for use of narcotics, drugs, or other paraphernalia not prescribed by medical staff. The Incident Report was based on the urinalysis sample petitioner provided on January 10, which was positive for methamphetamine. Petitioner was subsequently transferred to FCI Sheridan.

On March 22, 2011, petitioner filed the instant habeas proceeding. At the direction of the Western Regional Office, the Incident Reports were re-written, and the investigations conducted anew. On May 13, 2011, Petitioner was provided with a new Unit Disciplinary Hearing for each Incident Report. Following the May

3 - OPINION AND ORDER

13, 2011 hearings, petitioner was sanctioned with 27 days lost GCT for each violation.

## DISCUSSION

In this habeas proceeding, petitioner advances several arguments challenging the BOP's sanctions of 54 days lost GCT credits and disciplinary transfer. First, petitioner contends that the May 13, 2011 hearings did not comport with due process because they were held post-deprivation. Second, petitioner alleges that there was an unreasonable delay before the May 13, 2011 hearings, violating 28 C.F.R. § 541.15(b). Third, petitioner argues that the Escape charge is not supported by "some evidence." And fourth, petitioner requests an evidentiary hearing to establish that the BOP did not have good cause justifying the delay of the May 13, 2011 hearings.

Respondent submits that the petition must be dismissed because petitioner has failed to exhaust his administrative remedies. Respondent also contends that petitioner has received all the process he was due at all of his hearings, and that the sanctions imposed are in step with BOP policy and regulations. Moreover, respondent contends that the hearing was based on "some evidence" to find petitioner guilty of Escape, and therefore, habeas relief must be denied. Respondent is correct.

////

////

## I. Petitioner's Failure to Exhaust is Excused.

In general, federal prisoners must exhaust their administrative remedies prior to filing a habeas corpus petition under 28 U.S.C. § 2241. <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986)(per curiam). Although the exhaustion requirement is not jurisdictional, this court may dismiss a habeas petition for failure to exhaust administrative remedies. <u>Id.</u> Exhaustion may be excused if the administrative remedies are inadequate, futile, or where pursuit of the administrative remedies would cause irreparable injury. See <u>Laing v. Ashcroft</u>, 370 F.3d 994, 1000-01 (9th Cir. 2004).

Petitioner asserts that while he was at the Canyon County jail, he wrote a letter to the Regional Director appealing his removal from the RRC. (Petitioner's Brief, #23, p. 3.) However, there is no record of petitioner filing any administrative remedies for either incident report. (Dec. of Cecilia Burks #33, p.2.) Thus, petitioner has not exhausted his administrative remedies. While the court has some concern that petitioner did not diligently pursue his administrative remedies, it is obvious that requiring exhaustion at this juncture would be futile. Accordingly, petitioner's failure to exhaust is excused in the circumstances of this case.

////

////

5 - OPINION AND ORDER

**II. Petitioner Received All the Process He Was Due under <u>Wolff</u> in the January and May Hearings.**

In order to obtain relief pursuant to 28 U.S.C. § 2241, petitioner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(b)(3).

It is well established that an inmate must be afforded procedural protections before he can be deprived of a protected liberty interest, which includes good conduct time credits. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556-57 (1974); <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985). However, "[p]rison disciplinary hearings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff</u>, 418 U.S. at 556.

Due process in prison disciplinary hearings requires: (1) the right to appear before an impartial decision-maker; (2) 24-hour advance written notice of the disciplinary charges; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. <u>Wolff</u>, 418 U.S. at 563-77; <u>Hill</u>, 472 U.S. at 454; <u>see also</u>

6 - OPINION AND ORDER

Argento v. Thomas, 2010 WL 3661998, *4 (D. Or. Sept. 17, 2010). The substantive requirements of due process are satisfied where there is "some evidence" to support the decision by the prison disciplinary officials. Hill, 472 U.S. at 454.

Because petitioner was housed in an RRC at the time of the incident, due process is afforded at a Center Disciplinary Committee (CDC) hearing, with review by a Discipline Hearing Officer. Mazzanti v. Bogan, 866 F. Supp. 1029, 1033 (E.D. Mich. 1994); accord Harris v. Norwood, 2008 WL 5377647, *1 (C.D. Cal. Dec. 16, 2008)(no due process violation where petitioner at RRC given CDC hearing, with review by DHO prior to sanctions of GCT credits loss and disciplinary transfer). See Community Corrections Manual, BOP Program Statement 7300.09, p. 18-19, *available at* www.bop.gov/DataSource/execute/dsPolicyLoc (disciplinary procedures used by CDCs must adhere to *Wolff*).

Concerning the Incident Report for a Code 200 violation for Escape occurring on January 9, 2011, the record demonstrates that petitioner received the minimum procedural protections afforded under Wolff.[1] On January 10, 2011, petitioner was provided with a copy of the incident report, and at that time, petitioner waived his right to 24 hours advance notice of the hearing, as evidenced

---

[1] It is not entirely clear whether petitioner intends to challenge the January hearings in addition to the May 13 hearings. I have analyzed the January hearings in an abundance of caution.

7 - OPINION AND ORDER

by petitioner's signed waiver. (Second Cortez Dec. #39-1, Amend. Att. 1, p. 11.) Petitioner's hearing was conducted by an impartial CDC, who was not involved in the incident or its investigation. (Anderson Dec. #36, p. 3.) At that time, petitioner also waived his right to call witnesses and his right to staff representation. (Anderson Dec. #40, Amended Att. 1, p. 7-8.) The hearing officer found that petitioner admitted to the RRC case manager that he intended to be unaccountable, and that he "stuffed" his bed with the intention of deceiving the RRC staff during their accountability checks. (Id. at p. 9.) The hearing officer also concluded that the RRC staff visually verified that petitioner was not in his bed, and that it had been stuffed. (Id.) The BOP submits that following the hearing, petitioner was provided with a written statement of the evidence relied upon and the reasons for the decision, citing the CDC Committee Report.[2] (Anderson Dec. #36, p. 2 & #40, p. 9.) The Committee Report also includes a statement concerning petitioner's right to appeal the CDC's decision. Thus, it appears that the procedures followed by the CDC meet the minimum requirements set forth in Wolff.

---

[2] I note that in similar cases that have come before me, inmates have been provided a letter explaining the CDC decision and the inmate's appeal rights, and I do not see such a letter in this file. Also, the date petitioner received a copy of the incident report is not clear from the Incident Report. See Stevens v. Thomas, 2011 WL 3563131 (D. Or. Aug. 10, 2011).

Concerning the Incident Report for a Code 112 violation for Use of Narcotics, the record also demonstrates that petitioner received the minimum procedural protections afforded under Wolff. RRC staff generated the Incident Report on January 14, 2011, after receiving a report from Redwood Toxicology Laboratory indicating that petitioner's urine sample from 2:04 a.m. on January 10 was positive for methamphetamine. Petitioner was given a copy of that incident report on January 18, 2011. At that time, petitioner waived his right to 24 hours advance notice of a hearing, as evidenced by his signed waiver. (Anderson Dec. #40, Amended Att.2, p. 6.) Petitioner also waived the right to a staff representative, and did not want to call any witnesses. (Id. at p. 7-8.) At the hearing, petitioner indicated that he may have had a false positive because he was taking "psuedfed" and having anxiety attacks. (Id. at p. 4.) The hearings officer determined that petitioner committed the Code 112 violation based on the toxicology report confirming the presence of methamphetamine. Following the hearing, petitioner was provided a with a copy of the CDC Committee Report, which contains a written statement detailing the evidence relied upon and the reason for the decision. (Anderson Dec. # 36, p. 2; Second Cortez Dec. #40, Amended Att. 2, p. 8-9.) The CDC Committee Report contains a statement of the inmate's right to appeal the CDC's decision. (Id.) Thus, it appears that the procedures

followed by the CDC meet the minimum requirements set forth in <u>Wolff</u>.

The CDC's determinations concerning the Escape and Use of Narcotics incident reports were reviewed by DHO McWilliams on January 21, 2011. DHO McWilliams imposed sanctions of a transfer to FCI Sheridan and 27 days lost GCT for each incident. (Dec. fo Randy McWilliams #37, ¶ 3 & Att. 1.)

The May 13, 2011 hearings also comport with the protections required by <u>Wolff</u>. Concerning the Escape incident report, petitioner was provided with a written copy of the Escape charge and notice of the hearing on May 11, 2011. (Second Cortez Dec. #39-1, Att. 1, p. 1, 5.) On May 12, 2011, petitioner indicated that he did not wish to have a staff representative, and did not wish to call any witnesses. (<u>Id.</u> at 19.) On May 13, 2011, a hearing was conducted by a Disciplinary Hearing Officer who was not involved in the incident or its investigation. Petitioner was provided the opportunity to request staff assistance at the hearing, but declined. Petitioner was provided the opportunity to present witnesses and documentary evidence, but declined.

At the hearing, petitioner denied the charge, stating that he was outside in the parking lot talking to his ex-wife and was not planning to escape. Petitioner stated that he had been washing clothes earlier and threw them on his bed. (<u>Id.</u>) The hearing officer concluded that petitioner committed the act as charged,

10 - OPINION AND ORDER

relying on the RRC staff member's statement that the bed appeared "stuffed," that petitioner initially said he met his wife down the road, and that petitioner did not have permission to leave the RRC. The hearing officer also relied on a form entitled FBOP-Pass Down, in which the RRC staff member wrote that petitioner was in bed at 9 p.m., "and then again at 10 p.m., but it looked like he pulled the covers over his head at 11 p.m. head count again this time I pulled the covers off and found nothing but clothes." (Id. at 3, 16.) On May 16, 2011, petitioner was provided with a written copy of the hearing officer's findings.

    Also on May 13, 2011, petitioner was provided with a second hearing on the Use of Narcotics Code 112 incident report. (Id. at Att. 2, p. 2.) Petitioner was provided with an advance written copy of the incident report and notice of the hearing on May 12, 2011. During the hearing, petitioner was provided the opportunity for staff assistance, but declined. Petitioner was provided the opportunity to present witnesses or documentary evidence, but also declined. The hearing was conducted by an officer not involved in the incident or its investigation. Based on the laboratory results, the hearing officer determined that petitioner committed the offense. Petitioner was provided with a written copy of the decision detailing the reasons and evidence on May 14, 2011.

    I reject petitioner's argument that because the May 13, 2011 hearing occurred after he had been transferred to FCI Sheridan, it

11 - OPINION AND ORDER

is constitutionally insufficient. Petitioner submits that because his conditions of confinement at FCI Sheridan are constrained, he has suffered a substantial and significant deprivation of liberty. Petitioner suggests that his return to FCI Sheridan warrants a pre-deprivation hearing, or a more timely post-deprivation hearing. I disagree.

I rejected a similar argument in Stevens v. Thomas, 2011 WL 3563131 (D. Or. Aug. 10, 2011). In that case, the petitioner asserted that he was entitled to a hearing prior to his transfer from an RRC to the county jail. As I reasoned in Stevens, "[n]ot every change in the conditions of confinement constitutes a deprivation of liberty, even if there is a substantially adverse impact on the prisoner." Id. at *5; see also Meachum v. Fano, 427 U.S. 215, 224-25 (1976). To be sure, a constitutionally protected liberty interest arises only if a restraint on a prisoner's freedom imposes an "atypical and significant hardship on the inmate in relation to the ordinary incident of prison life." Sandin v. Conner, 515 U.S. 472, 484-86 (1995).

As in Stevens, I conclude that because petitioner does not have a protected liberty or property interest in an RRC placement, he was not entitled to due process procedural protections prior to his transfer from the Port of Hope RRC to Canyon County Jail, and subsequent transfer to FCI Sheridan.

12 - OPINION AND ORDER

Petitioner also complains that because there was lengthy delay between his return to FCI Sheridan in January and the May 13 hearing on the two incident reports, he has been denied due process. Petitioner appears to argue that because he did not pose a security threat, a four month delay violates due process. Again, I disagree.

First, petitioner's briefing overlooks that he received CDC hearings in January, with review by a DHO because he was in an RRC at the time of the incidents in question. As discussed above, those hearings satisfied the minimal due process protections afforded under <u>Wolff</u>.

Second, petitioner also overlooks the fact that he did not administratively exhaust the January disciplinary hearings. The record before me demonstrates that it was not until *after* petitioner filed his habeas petition in this court on March 22, 2011, that the BOP reviewed petitioner's January hearings. At that point, petitioner's two Incident Reports were investigated anew, and petitioner was afforded an additional hearings in May. And, as discussed above, petitioner's May hearings clearly comported with <u>Wolff</u>.

Petitioner cannot simultaneously fail to exhaust his administrative remedies, and complain about the alleged delay prior to the May hearings. I agree with petitioner that the timeliness of investigations and hearings is especially important where

13 - OPINION AND ORDER

inmates are nearing the end of their sentences. However, on the record before me, petitioner has not provided any information to suggest that the BOP even was aware of petitioner's dissatisfaction with the outcome of the January hearing due to his failure to pursue the administrative remedies at his disposal.

Accordingly, because petitioner was provided with all the due process protections to which he is entitled under Wolff, he has failed to demonstrate that he is in custody in violation of the Constitution or laws of the United States, and habeas relief is not warranted.

**III. Petitioner Has Not Established a Violation of 28 C.F.R. § 541.15(b) Warranting Relief Under § 2241.**

At the time of petitioner's incident reports, the controlling federal regulations provided that an initial prison disciplinary hearing is "ordinarily held within three work days from the time staff become aware of the inmate's involvement in the incident." 28 C.F.R. § 541.15(b). And extension of this time frame is permitted for "good cause shown by the inmate or staff and documented in the record of the hearing." Id. at § 541.15(k). Here, petitioner contends that the four month delay between the January 9, 2011 incident and the May 13, 2011 hearing was unreasonable, lacked good cause, and violates due process. Petitioner's argument fails for two reasons.

First, petitioner's argument does not raise a cognizable federal claim under § 2241 in the circumstances of this case. The Constitution only requires that inmates be afforded those protections mandated by Wolff at a prison disciplinary hearing; it does not require that prison officials comply with their own more generous procedures or time limitations. See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)(prison regulations are designed to guide correctional officials, not confer rights on inmates); Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989)(failure to meet own guideline requiring hearing within eight days of charge alone did not rise to due process violation).

As discussed above, a hearing was conducted in January, and again in May, which comported with Wolff. There is nothing in Wolff which entitles petitioner to second round of hearings. Therefore, even if petitioner could establish that the BOP violated § 541.15, such a violation alone would not establish a due process violation.[3] See Strohmetz v. Rios, 2011 WL 4889185, *3 (E.D. Cal.

---

[3]I note that Petitioner has no liberty interest in a sentence reduction under 18 U.S.C. § 3621(e). See McLean v. Crabtree, 173 F.3d 1176, 1184-85 (9th Cir. 1999), cert. denied, 528 U.s. 1086 (2000). Therefore, the BOP did not violate due process when it denied petitioner a one-year sentence reduction as a sanction based on the Code 112 violation, Use of Narcotics Incident Report. Furthermore, this court has no jurisdiction to review petitioner's individual eligibility decision by the BOP under § 3621(e). Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir. 2011).

15 - OPINION AND ORDER

Oct. 13, 2011); see also Ortiz v. Holt, 390 Fed. Appx. 150, 152 (3d Cir. 2010)(per curiam)(finding no due process violation under § 541.15 because Wolff does not set forth a specific time frame); Rodriguez v. Lindsay, 2011 WL 2601448, *3-4 (E.D.N.Y June 30, 2011).

Second, petitioner did not exhaust his administrative remedies, so it is difficult to find any delay between the January hearings and May hearings unreasonable. For that reason, I find petitioner's reliance on Lao v. Schult, 2010 WL 743757 (ND.N.Y. Feb. 25, 2010), misplaced. In Lao, the court concluded that the inmate's administrative appeal was timely, and that the prison officials failed to comport with § 541.15 when it failed to investigate an incident in a timely manner. Id. at *7. Unlike Lao, petitioner received an initial round of hearings in a timely manner, and petitioner did not pursue his administrative remedies. Thus, based on the record before me, I do not find that petitioner has established a regulatory violation entitling him to relief under § 2241.

Accordingly, because petitioner has not established that the BOP denied him those rights guaranteed under Wolff, habeas relief under § 2241 is not warranted.

**IV. Petitioner's Sanctions are Supported by Some Evidence.**

Petitioner contends that the Escape charge is not supported by "some evidence" and therefore, violates substantive due process.

16 - OPINION AND ORDER

Petitioner argues that to find him guilty of the disciplinary violation of Escape, the DHO must find an element of "intent," similar to the crime of escape. Petitioner submits that because he did not take his belongings, and he returned to the RRC on his own after only a brief absence, there is not "some evidence" to support the escape charge. Petitioner submits that the evidence, at best, supports other lesser charges, namely Code 320 (failure to stand count), Code 321 (interfering with the taking of count) or Code 316 (being in an unauthorized area).

The standard for reviewing prison disciplinary findings is set forth in Hill and is "minimally stringent." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). This court is not to re-weigh the evidence or make its own assessment of the credibility of the witnesses. Id. at 455. Rather, "the relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." 472 U.S. at 455-56 (emphasis added). If there is any reliable evidence in the record to support the disciplinary findings, the "some evidence" standard is satisfied, and the decision must be upheld. Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994); Toussaint v. McCarthy, 801 F.2d 1080, 1105 (9th Cir. 1986), cert. denied, U.S. 1069 (1987); Hill, 472 U.S. at 455-56; see Dameron v. Grondolsky, 2010 WL 624873, *5 (D. N.J. Feb. 18, 2010)(finding some evidence to support escape charge when prisoner found off the property).

Contrary to petitioner's suggestion, I find petitioner's "intent" immaterial. The Code 200 violation is described in 28 C.F.R. § 541.13 (2010), as a "high category" offense. However, petitioner's contention that an escape violation requires a determination of his mental state is not supported by the regulation itself or the case law cited by petitioner. I am not persuaded by the rationale in Emmert v. Martin, 2006 WL 3354915 (N.D. Ind. Nov. 16, 2006). In that case, an inmate was challenging his disciplinary action for escape. There, the inmate was housed in a work release center, and reported for work in the morning. But, the inmate was discovered to have left work early when the work release officer contacted the place of employment at 5:40 p.m. The officer then presumed the worst, and prepared a conduct report for Escape. Later that night, at 10:50 p.m., the inmate was discovered leaning against the outside of the building. The disciplinary hearing board found the inmate guilty of escape, and sanctioned the inmate 180 days lost good time credits.

In challenging his sanctions, the inmate contended that the evidence only supported the lesser offense of failing to return within the prescribed time limits. Disagreeing, the Emmert court noted that the under Hill, the court was only to examine whether the some evidence to support the disciplinary charges. The court found that while the inmate was "ultimately found leaning against the wall of the building, his absence is some evidence of escape."

18 - OPINION AND ORDER

In passing, the Emmert court noted that the inmate could argue that he did not intend to escape, and that he only intended to return late, but "it is not for this court to re-weigh the evidence and make such credibility determinations." Id. at *2.

Petitioner's argument here is limited by the same constraints noted in Emmert-that is, whether the evidence also may support a different sanction is immaterial to the task before me. My only charge is to evaluate whether there is some evidence in the record to support the disciplinary determination. I conclude that there is.

As discussed above, RRC staff discovered that petitioner's bed was stuffed with clothes to appear as though petitioner was sleeping during an accountability check. And, an immediate search of the premises did not find petitioner. I conclude that there is some evidence in the record to support the disciplinary action on the Escape charge. Hill, 472 U.S. at 455-56. Therefore, petitioner is not entitled to habeas relief.

Petitioner's alternative request for an evidentiary hearing is denied.

////
////
////
////
////

19 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, petitioner's amended petition for writ of habeas corpus (#25) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this __5th__ day of JANUARY, 2012.

/s/ Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge

20 - OPINION AND ORDER